IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL BAILEY, JR. | § | |
| | § | |
| v. | § | C.A. NO. C-09-267 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### OPINION GRANTING RESPONDENT'S MOTION TO DISMISS

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1). On October 5, 2009, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, claiming the Federal Bureau of Prisons ("BOP") failed to credit his sentence with time already served. Id. Pending is Respondent's motion to dismiss, which claims Petitioner failed to exhaust administrative remedies and attacks the merits of his claims. (D.E. 18). Petitioner has not filed a response.[1] For the reasons stated herein, Respondent's motion is hereby GRANTED in part and DENIED in part.

### I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6). Furthermore, after consent by the parties, (D.E. 12, 15), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 20); see also 28 U.S.C. § 636(c).

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## II. BACKGROUND

Petitioner was arrested on December 8, 2005. (D.E. 1, at 3). On January 6, 2006, he pled guilty to possession with intent to distribute or dispense methamphetamine, and possession of a firearm in relation to or in furtherance of a drug trafficking crime. Id. On July 20, 2006, he was sentenced by the Eastern District of Texas to ten years of imprisonment and four years of supervised release. Id.

When Petitioner was arrested, he was incarcerated at Denton County Jail for approximately two months. Id. at 5. He was then transferred to federal custody for his sentencing, before being transferred back to Denton County Jail to await state charges. Id. Subsequently, he was again taken into federal custody and transferred to a federal facility in Texarkana, where he was told by officials he would receive no credit to his sentence for time served. Id. at 3. While there, he claims to have "filed a request [with] the records department" regarding his time already served. Id. at 4. Finally, he was transferred to FCI Three Rivers. Id. at 3. There, he claims he "again attempted through administrative procedure(s) to instruct the records department as to the correct calculation(s) of the time they were failing to acknowledge," and that Officer Hadwin, a prison official working in the records department, responded that he should file a § 5G1.3 motion. Id. at 4.

## III. DISCUSSION

Petitioner claims that the BOP erred in not crediting his sentence with 312 days he spent in custody between his arrest and his transfer to Texarkana. (D.E. 1, at 4). Respondent seeks dismissal of the petition on the grounds that Petitioner's claim is unexhausted and without merit. (D.E. 18).

**A.     Petitioner Did Not Exhaust His Administrative Remedies.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).  Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration.  See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed.  See 28 C.F.R. § 542.14.  If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident.  28 C.F.R. § 542.14. If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10.  28 C.F.R. § 542.15(a).  If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  These deadlines may be extended when the inmate demonstrates a valid reason for delay.  Id.

Here, Respondent asserts that "Bailey has not filed any administrative remedy with regard to the issues raised in the petition."  (D.E. 18, at 5).  Specifically, J.R. Johnson, a Correctional Program Specialist with the BOP's Designation and Sentence Computation Center, testified that Petitioner had not exhausted his remedies:

> I have reviewed Sentry to determine if Petitioner has filed any administrative remedies concerning his sentence computation. I have found that Petitioner has not filed an administrative remedy request at the institution, regional office, or central office levels regarding the issues raised here.

(D.E. 18, App. at 3). Petitioner does not challenge this testimony. Indeed, there is no evidence that Petitioner exhausted his administrative remedies. Accordingly, Respondent's motion to dismiss for failure to exhaust is granted.

**B.      Dismissal Upon The Merits Is Inappropriate.**

Respondent asserts Petitioner's petition should also be dismissed on its merits. (D.E. 18, at 10). The Fifth Circuit explained that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas." Miramontes v. Driver, 243 F. App'x 855, 856 (5th Cir. 2007) (per curiam) (unpublished) (citing Browder v. Director, Dep't of Corr. of Ill., 434 U.S. 257, 269 n.14 (1978)); accord Rasmussen v. Joslin, No. C-07-355, 2008 WL 2329105, at *1 n.1 (S.D. Tex. June 4, 2008) (unpublished) (discussing Miramontes). Accordingly, Respondent's motion to dismiss Petitioner's claim based on the merits is denied without prejudice.

### IV.  RECOMMENDATION

Based on the foregoing, Respondent's motion to dismiss, (D.E. 18), is granted in part, and denied in part. Accordingly, the petition is dismissed.

Ordered this 16th day of February 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE